BRIAN T. DUNN, ESQ. (SBN 176502)
Email: bdunn@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

TONI J. JARAMILLA, ESQ. (SBN: 174625)
Email: toni@tjjlaw.com
**TONI JARAMILLA,
A PROFESSIONAL LAW CORP**.
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310)551-3020

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BAILEY,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF LOS ANGELES; LUIS CANO; KEVIN WALKER; SHAWN GROVES; JACKSON HILL; MATTHEW SENO, JOSHUA PARGA, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) DEPRIVATIONS OF CIVIL RIGHTS, 42 U.S.C. §1983, BASED ON EXCESSIVE AND UNREASONABLE USE OF FORCE**<br><br>**(2) BATTERY (CAL. GOVERNMENT CODE §§ 815.2(A), 820(A); CAL. CIVIL CODE § 43)**<br><br>**(3) NEGLIGENCE (CAL. GOV'T CODE §§ 815.2(A), 820(A))**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3. Plaintiff CHRISTOPHER BAILEY is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California.

4. Defendant COUNTY OF LOS ANGELES (hereinafter "COUNTY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant KEVIN WALKER is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant KEVIN WALKER was a sworn peace officer and Sheriff's Deputy employed by the Defendant Los Angeles County Sheriff's Department, and was acting under color of state law and in the course and scope of his employment with the COUNTY and the Sheriff's Department.

6. On or around October 23, 2020, a timely Claim for Damages was submitted to the County of Los Angeles, in substantial compliance with California Government Code § 910, et seq. At the time of the filing of this Complaint, said Claim has been denied.

7. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally

The Cochran Firm California
4929 Wilshire Bl.
Suite 1010
(323)435-8205

responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

8. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

9. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

### FACTS COMMON TO ALL COUNTS

10. This Complaint concerns an extreme and protracted deputy-involved use of force incident which occurred at approximately 2:00 a.m., in the early morning hours of Monday, May 4, 2020, at or around the intersection of Prairie Avenue and Hardy Street in City of Inglewood. While returning home from work by himself at approximately 2:00 a.m. on that date, Plaintiff Christopher Bailey was driving his motor vehicle northbound on Prairie Avenue, at which time Deputy Kevin Walker and his partner, Deputy Shawn Groves, who were together in a marked Sheriff's Department vehicle southbound on Prairie Avenue, initiated a traffic stop of Mr. Bailey's vehicle, purportedly due to witnessing Mr. Bailey's vehicle straddling the northbound lanes of Prairie Avenue. The traffic stop was initiated without incident, with both vehicles coming to rest on the

The Cochran Firm California
4929 Wilshire Bl.
Suite 1010
(323)435-8205

shoulder of the road on northbound of Prairie Avenue and Hardy Street, in the City of Inglewood.

11. Shortly after pulling Mr. Bailey over, and without warning, Deputies Walker and Groves proceeded to violently drag Mr. Bailey, who was completely unarmed, out of his vehicle, and, without warning, proceeded to assault and batter Plaintiff by acts which included, but were not limited to, repeatedly and severely punching Plaintiff multiple times in his face, and thereafter employing unreasonable neck restraint procedures against Mr. Bailey, which included, but were not limited to, Deputy Groves' application of a choke hold against Plaintiff while Deputy Walker was in the process of punching him.

12. Throughout the entire incident described in this Complaint, Mr. Bailey was not armed with any kind of weapon, had nothing in his pockets, had nothing in his hands, and did not have anything resembling a weapon anywhere on his person.

13. While Deputies Walker and Groves were in the process of beating Mr. Bailey they were soon joined by Deputies Luis Cano, Jackson Hill, Joshua Parga, and Matthew Seno, who, alongside Deputies Walker and Groves, proceeded to assault and batter Mr. Bailey continuously and in a protracted fashion over a period of several minutes, by acts which included, but were not limited to, repeatedly and continuously punching Mr. Bailey's face, abdomen, and upper back with closed fists, repeatedly kicking and inflicting knee strikes against Mr. Bailey while he lay defenseless on the ground, and repeatedly tasing Mr. Bailey, and repeatedly employing unreasonable restraint maneuvers against Mr. Bailey. Despite the fact that Mr. Bailey was immediately knocked to the ground, completely unarmed, and not striking, kicking, or assaulting any deputy in any manner, this protracted assault and battery inflicted by the simultaneous efforts of Deputies Kevin Walker, Shawn Groves, Luis Cano, Jackson Hill, Josua Parga, and Matthew Seno against Mr. Bailey lasted for a period of several minutes, during which time Mr. Bailey lay defenseless and on the ground, at times pleading for his life.

14. Throughout the entire course of the protracted beating described herein, Mr. Bailey remained completely unarmed, with nothing in hands, and nothing in his pockets. At no time during the course of these events did Mr. Bailey strike or attempt to inflict any injury against any deputy with any part of his body, or in any manner whatsoever. Almost immediately after being dragged out of his vehicle, Mr. Bailey lay defenseless on the ground, and remained passive and defenseless during the protracted and continuous beating described herein.

15. As a result of the severe and sustained beating inflicted by Defendant Deputies Kevin Walker, Shawn Groves, Luis Cano, Jackson Hill, Josua Parga, and Matthew Seno (hereinafter "Defendant Deputies"), Plaintiff Christopher Bailey (hereinafter "Plaintiff") suffered many serious physical injuries, including permanent and irreparable facial and eye injuries, permanent vision loss, and has been forced to undergo multiple facial reconstruction surgeries.

**FOR THE FIRST CAUSE OF ACTION**

**(By Plaintiff Against All Defendant Deputies)**

**For Deprivations of Civil Rights**

**[42 U.S.C. § 1983])**

**(Based on Excessive and Unreasonable Use of Force)**

16. All foregoing paragraphs of this Complaint are incorporated by reference.

17. This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

18. At all times mentioned herein, the Defendant County of Los Angeles employed the Defendant Deputies, and provided them with official badges and identification cards which designated and described the bearers as employees of the

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

County of Los Angeles and the Los Angeles County Sheriff's Department.

19. At all times relevant to the acts and omissions herein alleged, the Defendant Deputies were acting under color of state law and in the course and scope of their employment with the Sheriff's Department.

20. Both prior to and during the time in which Plaintiff was stopped, detained, and assaulted and battered by Defendant Deputies as described in the foregoing paragraphs of this Complaint, Plaintiff was not armed with any kind of weapon, and posed no reasonable or credible threat of violence or injury to any Defendant Deputy, nor to any other individual. Both prior to and during the time in which Plaintiff was stopped, detained, and assaulted and battered by Defendant Deputies, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable peace officer that he was armed with any kind of weapon, or had the will, or the ability, to inflict bodily harm against any individual. Both prior to and during the time in which Plaintiff was stopped, detained, and assaulted and battered by Defendant Deputies, Plaintiff was not actively resisting the Defendant Deputies, or obstructing the officers in the performance of his duties, was not fleeing or attempting to flee from the involved deputies, and was not undertaking any actions which would have led a reasonable peace officer to believe that he posed the risk of violence or injury to any person.

21. Throughout the protracted beating described herein, Defendant Deputies were cognizant of the existence and severity of the injuries they inflicted upon Plaintiff, yet denied medical care to him in a manner that expressed deliberate indifference to his constitutional rights.

22. In unreasonably seizing his person, as described in the foregoing paragraphs of this Complaint, Defendant Deputies acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their actions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and

privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant Deputies in an amount to be proven at the trial of this matter.

23. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant Deputies, Plaintiff suffered many serious physical injuries, including permanent and irreparable facial and eye injuries, permanent vision loss, and has been forced to undergo multiple facial reconstruction surgeries

24. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant Deputies, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial. Throughout his ordeal, Plaintiff was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

25. Plaintiff is informed and believes, and thereupon alleges, that as a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant Deputies, Plaintiff has lost earnings and earnings capacity in an amount according to proof at trial, and will lose wages and earnings in the future in an amount according to proof at trial.

26. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

### FOR THE SECOND CAUSE OF ACTION

(By Plaintiff Against All Defendant Deputies)

[For Battery; Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43])

27. All foregoing paragraphs of this Complaint are incorporated by reference.

28. All claims asserted herein against the Defendant COUNTY are presented

pursuant to the COUNTY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

29. In unreasonably seizing his person, as described in the foregoing paragraphs of this Complaint, Defendant Deputies acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their actions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate Plaintiff's aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant Deputies in an amount to be proven at the trial of this matter.

30. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant Deputies, Plaintiff suffered many serious physical injuries, including permanent and irreparable facial and eye injuries, permanent vision loss, and has been forced to undergo multiple facial reconstruction surgeries

31. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant Deputies, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial. Throughout his ordeal, Plaintiff was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

32. Plaintiff is informed and believes, and thereupon alleges, that as a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant Deputies, Plaintiff has lost earning capacity in an amount according to proof at trial, and will lose wages and earnings in the future in an amount according to proof at trial.

# FOR THE THIRD CAUSE OF ACTION

## (By Plaintiff Against All Defendant Deputies

## [For Negligence [Cal. Gov't Code §§ 815.2(a), 820(a)]

33. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

34. All claims asserted herein against the Defendant County are presented pursuant to the Defendant County's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

35. Plaintiff is informed and believes, and thereupon alleges, that on and before May 4, 2020, Defendant Deputies had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching and/or attempting to detain unarmed, non-dangerous civilians and suspects. Notwithstanding each of these duties, Defendants failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to determine the fact that Plaintiff posed no immediate threat of bodily injury or death to any person at the time that he was assaulted and battered; negligently inflicting physical injury upon Plaintiff, as described herein; negligently employing excessive and unreasonable force against Plaintiff when the same was unnecessary and unlawful; negligently failing to exercise reasonable care in the intervention in and/or restraint of fellow deputies who were plainly and obviously using excessive force during the detention of Plaintiff ; negligently failing to utilize available forms of cover and concealment during the detention of Plaintiff; negligently failing to communicate and/or effectively communicate with departmental personnel on scene and other departmental personnel and resources during the detention of Plaintiff;

negligently failing to utilize less than lethal force options and other alternatives less intrusive than deadly force during the detention of Plaintiff; negligently employing a tactical response during the detention of Plaintiff that resulted in the unnecessary and preventable shooting of Plaintiff; and negligently employing deadly force against an individual in contravention of the policies of the Los Angeles Police Department. All of these negligent acts proximately caused Plaintiff's injuries, which include, but are not limited to, severe and traumatic injuries to Plaintiff's right eye.

36. As a direct and proximate result of the negligent acts and omissions of Defendant Deputies, Plaintiff suffered severe and traumatic physical, mental, and emotional injuries described in the foregoing paragraphs of this Complaint.

38. As a further proximate result of the negligent acts and omissions of Defendant Deputies, Plaintiff was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

39. Plaintiff is informed and believes, and thereupon alleges, that as a further proximate result of the negligent acts and omissions of Defendant Deputies, Plaintiff has lost earnings and earnings capacity in an amount according to proof at trial, and will lose wages and earnings in the future in an amount according to proof at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general and special damages in an amount according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For costs of suit incurred herein;
4. For attorneys' fees incurred herein, as provided by law;
5. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

6.    For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands that a jury be empaneled for the trial of this matter.

DATED: June 21, 2021        Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: /s/ Brian T. Dunn
     BRIAN T. DUNN
     Attorneys for Plaintiff, CHRISTOPHER BAILEY

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205