1 | ANDREW BAUM - State Bar No. 190397
abaum@glaserweil.com
2 | MICHAEL L. SMITH - State Bar No. 298917
msmith@glaserweil.com
3 | GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
4 | 10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
5 | Telephone: (310) 553-3000
Facsimile: (310) 556-2920
6 |
7 | Attorneys for Defendants
County of Los Angeles,
Luis Cano, Kevin Walker,
8 | Shawn Groves, Jackson Hill;
Matthew Seno, and Joshua Parga
9 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| CHRISTOPHER BAILEY, | CASE NO.: 2:21-cv-05017 FLA (KSx) |
|---|---|
| Plaintiff, | Hon. Fernando L. Aenlle-Rocha |
| v. | **DEFENDANTS COUNTY OF LOS ANGELES; LUIS CANO; KEVIN WALKER; SHAWN GROVES; JACKSON HILL; MATTHEW SENO; JOSHUA PARGA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES** |
| COUNTY OF LOS ANGELES; LUIS CANO; KEVIN WALKER; SHAWN GROVES; JACKSON HILL; MATTHEW SENO; JOSHUA PARGA, and DOES 1 through 10, inclusive | |
| Defendants. | |

0

2052092

Defendants, County of Los Angeles, Luis Cano, Kevin Walker, Shawn Groves, Jackson Hill, Matthew Seno, and Joshua Parga (collectively "Defendants"), by and through their attorneys hereby answer the claims set forth in the First Amended Complaint ("FAC") filed by Plaintiff Christopher Bailey on June 22, 2021 as follows:

## JURISDICTION AND VENUE

1.      In response to paragraph 1 of the FAC, Defendants admit that this action purports to allege causes of action arising under 28 U.S.C. § 1343(3)-(4), 42 U.S.C. § 1983, and 28 U.S.C. § 1331. To the extent any allegation contained in this paragraph alleges any wrongdoing by Defendants, Defendants deny each and every allegation.

2.      In response to paragraph 2 of the FAC, Defendants admit that venue is proper in this Court. Except as expressly admitted herein, Defendants deny the remaining allegations in this paragraph.

## PARTIES

3.      In response to paragraph 3 of the FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

4.      In response to paragraph 4 of the FAC, to the extent that this paragraph includes the phrase "at all relevant times," the phrase is vague and ambiguous and, on that basis, Defendants lack sufficient knowledge or information to admit or deny the allegations modified by this phrase. Defendant admits THE COUNTY OF LOS ANGELES is a municipal entity of the United States, organized and existing under the laws of the State of California. To the extent Plaintiff alleges in this paragraph that Defendants or any of their employees or officers acted under color of state law, Defendants deny such allegations. As to any remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation.

5.      In response to paragraph 5 of the FAC, to the extent that this paragraph

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

includes the phrase "at all relevant times," the phrase is vague and ambiguous and, on that basis, Defendants lack sufficient knowledge or information to admit or deny the allegations modified by this phrase. To the extent Plaintiff alleges in this paragraph that Defendants or any of their employees or officers acted under color of state law, Defendants deny such allegations. As to any remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation.

6.      In response to paragraph 6 of the FAC, to the extent this paragraph includes the phrases "timely" and "in substantial compliance," each are vague and ambiguous and, on that basis, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations modified by these phrases. To the extent Plaintiff alleges in this paragraph that Defendants or any of their employees or officers acted under color of state law, Defendants deny such allegations. As to any remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation.

7.      In response to paragraph 7 of the FAC, to the extent it draws legal conclusions, Defendants deny the allegations in this paragraph. As to any remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation.

8.      In response to paragraph 8 of the FAC, Defendants neither admit nor deny Plaintiff's characterization of individual defendants. To the extent an answer it required, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them. To the extent Plaintiff alleges in this paragraph that Defendants or any of their employees or officers acted under color of state law, Defendants deny such allegations.

9.      In response to paragraph 9 of the FAC, to the extent it draws legal conclusions, Defendants deny the allegations in this paragraph. As to any remaining allegations,

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation.

## FACTS COMMON TO ALL COUNTS

10.     In response to paragraph 10 of the FAC, to the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation. Defendants admit that Plaintiff was stopped by a marked Sheriff's Department vehicle on Monday, May 4, 2020. As to the remaining balance of the allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

11.     In response to paragraph 11 of the FAC, to the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation.  As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

12.     In response to paragraph 12 of the FAC, to the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation.  As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

13.     In response to paragraph 13 of the FAC, to the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation.  As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

14.     In response to paragraph 14 of the FAC, to the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation.  As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

2052092

that basis, denies them.

15.     In response to paragraph 15 of the FAC, to the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation.  As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

## **FIRST CAUSE OF ACTION**

Against all Defendant Deputies

For Deprivations of Civil Rights

[42 U.S.C. § 1983]

(Based on Excessive and Unreasonable Use of Force)

16.     In response to paragraph 16 of the FAC, Defendants acknowledge Plaintiff is re-pleading his prior allegations and Defendants answer these allegations to the extent previously answered.

17.     In response to paragraph 17 of the FAC, to the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation. To the extent any allegation draws legal conclusions, Defendants deny the allegations in this paragraph. As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

18.     In response to paragraph 18 of the FAC, to the extent that this paragraph includes the phrase "at all times mentioned herein," the phrase is vague and ambiguous and, on that basis, Defendants lack sufficient knowledge or information to admit or deny the allegations modified by this phrase. To the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation.  As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

2052092

Glaser Weil

19.     In response to paragraph 19 of the FAC, to the extent that this paragraph includes the phrase "at all times relevant," the phrase is vague and ambiguous and, on that basis, Defendants lack sufficient knowledge or information to admit or deny the allegations modified by this phrase. To the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation.  As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

20.     In response to paragraph 20 of the FAC, to the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation.  As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

21.     In response to paragraph 21 of the FAC, Defendants deny each and every allegation in this paragraph.

22.     In response to paragraph 22 of the FAC, Defendants deny each and every allegation in this paragraph.

23.     In response to paragraph 23 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth and allegations stated, and on that basis deny all allegations in this paragraph.  To the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation.

24.     In response to paragraph 24 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth and allegations stated, and on that basis deny all allegations in this paragraph.  To the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation.

25.     In response to paragraph 25 of the FAC, Defendants are without sufficient

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

knowledge or information to form a belief as to the truth and allegations stated, and on that basis deny all allegations in this paragraph.  To the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation.

26.     In response to paragraph 26 of the FAC, Defendants admit 42 U.S.C. § 1988 allows for the discretionary award of attorney's cost and fees by the court. To the extent any allegation in the paragraph alleges any misconduct by the Defendants, Defendants deny each and every allegation in this paragraph. As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

## **SECOND CAUSE OF ACTION**

Against all Defendant Deputies

For Deprivations of Civil Rights

[42 U.S.C. § 1983]

(Based on Failure to Intervene)

27.     In response to paragraph 27 of the FAC, Defendants acknowledge Plaintiff is re-pleading his prior allegations and Defendants answer these allegations to the extent previously answered.

28.     In response to paragraph 28 of the FAC, Defendant admit Plaintiff brought this action under 42 U.S.C § 1983 for the violation of his civil rights. Defendants further admit 42 U.S.C. § 1988 allows for the discretionary award of attorney's cost and fees by the court. To the extent any allegation in the paragraph alleges any misconduct by the Defendants, Defendants deny each and every allegation in this paragraph. As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

/ / /

/ / /

/ / /

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

2052092

Glaser Weil

**THIRD CAUSE OF ACTION**

Against Defendant Los Angeles County

For Deprivations of Civil Rights

[42 U.S.C. § 1983]

(Monell Claim based on Municipal Liabilty)

29.    In response to paragraph 29 of the FAC, Defendants acknowledge Plaintiff is re-pleading his prior allegations and Defendants answer these allegations to the extent previously answered.

30.    In response to paragraph 30 of the FAC, to the extent any allegation in the paragraph alleges any misconduct by the Defendants, Defendants deny each and every allegation in this paragraph. As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

31.    In response to paragraph 31 of the FAC, the allegations in this paragraph are vague and ambiguous, such that Defendant would have to speculate as to what Plaintiff alleges, and on that basis, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stated, and deny all allegations in this paragraph.

32.    In response to paragraph 32 of the FAC, the allegations in this paragraph are vague and ambiguous, such that Defendant would have to speculate as to what Plaintiff alleges, and on that basis, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stated, and deny all allegations in this paragraph.

33.    In response to paragraph 33 of the FAC, to the extent any allegation in the paragraph alleges any misconduct by the Defendants, Defendants deny each and every allegation in this paragraph. As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

Glaser Weil

7

2052092

34.    In response to paragraph 34 of the FAC, the allegations in this paragraph are vague and ambiguous, such that Defendant would have to speculate as to what Plaintiff alleges, and on that basis, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stated, and deny all allegations in this paragraph.  To the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation.

35.    In response to paragraph 35 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis deny each and every allegation in this paragraph. To the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation.

## FOURTH CAUSE OF ACTION

### Against All Defendant Deputies

### For Battery

### [Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43]

36.    In response to paragraph 36 of the FAC, Defendants acknowledge Plaintiff is re-pleading his prior allegations and Defendants answer these allegations to the extent previously answered.

37.    In response to paragraph 37 of the FAC, Defendants admit Plaintiff brought this action under Cal. Gov't Gode §§ 815.2(a), 820(a); Cal. Civ. Code § 43 for Battery. To the extent any allegation in the paragraph alleges any misconduct by the Defendants, Defendants deny each and every allegation in this paragraph.

38.    In response to paragraph 38 of the FAC, Defendants deny each and every allegation in this paragraph.

39.    In response to paragraph 39 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stated, and on that basis deny all allegations in this paragraph.  To the extent any allegation in the

paragraph alleges any misconduct by the Defendants, Defendants deny each and every allegation in this paragraph.

40.     In response to paragraph 40 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stated, and on that basis deny all allegations in this paragraph.  To the extent any allegation in the paragraph alleges any misconduct by the Defendants, Defendants deny each and every allegation in this paragraph.

41.     In response to paragraph 41 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stated, and on that basis deny all allegations in this paragraph.  To the extent any allegation in the paragraph alleges any misconduct by the Defendants, Defendants deny each and every allegation in this paragraph.

## FIFTH CAUSE OF ACTION

Against All Defendant Deputies

For Negligence

[Cal. Gov't Gode §§ 815.2(a), 820(a)]

42.     In response to paragraph 42 of the FAC, Defendants acknowledge Plaintiff is re-pleading his prior allegations and Defendants answer these allegations to the extent previously answered.

43.     In response to paragraph 43 of the FAC, Defendants admit Plaintiff brought this action under Cal. Gov't Gode §§ 815.2(a) and 820(a) for Negligence. To the extent any allegation in the paragraph alleges any misconduct by the Defendants, Defendants deny each and every allegation in this paragraph.

44.     In response to paragraph 44 of the FAC, to the extent any allegation contained in the paragraph alleges any wrongdoing by Defendants, Defendants deny each and every such allegation. To the extent any allegation draws legal conclusions, Defendants deny the allegations in this paragraph. As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

2052092

in this paragraph and, on that basis, denies them.

45.     In response to paragraph 45 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stated, and on that basis deny all allegations in this paragraph.  To the extent any allegation in the paragraph alleges any misconduct by the Defendants, Defendants deny each and every allegation in this paragraph.

46.     In response to paragraph 46 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stated, and on that basis deny all allegations in this paragraph.  To the extent any allegation in the paragraph alleges any misconduct by the Defendants, Defendants deny each and every allegation in this paragraph.

47.     In response to paragraph 47 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stated, and on that basis deny all allegations in this paragraph.  To the extent any allegation in the paragraph alleges any misconduct by the Defendants, Defendants deny each and every allegation in this paragraph.

## SIXTH CAUSE OF ACTION

Against All Defendant Deputies

For Deprivation of Civil Rights

[Cal. Gov't Gode § 52.1]

48.     In response to paragraph 48 of the FAC, Defendants acknowledge Plaintiff incorporates his prior allegations and Defendants answer these allegations to the extent previously answered. Defendant's admit Plaintiff brought this action under Cal. Gov't Gode § 52.1. To the extent any allegation in the paragraph alleges any misconduct by the Defendants, Defendants deny each and every allegation in this paragraph. As to any remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stated, and on that basis deny all allegations in this paragraph.

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

Glaser Weil

1

2

3 **AFFIRMATIVE DEFENSES**

4 **FIRST AFFIRMATIVE DEFENSE**

5 **(Failure To State A Claim)**

6      As a separate and distinct affirmative defense, Plaintiff's Complaint fails to

7 state facts sufficient to constitute a cause of action upon which relief can be granted.

8 **SECOND AFFIRMATIVE DEFENSE**

9 **(Immunity)**

10      As a separate and distinct affirmative defense, public entities and employees

11 are immune from liability for injury, whether caused by the act or omission of the

12 public entity, an employee thereof, or any other person, except as expressly provided

13 by statute.

14 **THIRD AFFIRMATIVE DEFENSE**

15 **(Actions Within Scope of Discretion)**

16      As a separate and distinct affirmative defense, the individual defendants acted

17 within the scope of their discretion within the meaning of Cal. Govt. Code §§ 820.2

18 and 815.2, in good faith and with due care and are therefore immune from liability.

19 **FOURTH AFFIRMATIVE DEFENSE**

20 **(No Proximate Cause)**

21      As a separate and distinct affirmative defense, any action or omission to act on

22 Defendants' part, or any action or omission to act on the part of any person or any

23 entity for whose actions or omissions Defendants are (or may be established to be)

24 legally responsible, did not actually or proximately cause or contribute in any manner

25 or to any degree, to any losses or damages for which recovery is sought by Plaintiff in

26 his Complaint.

27 **FIFTH AFFIRMATIVE DEFENSE**

28 **(Statute Of Limitations)**

Glaser Weil

2052092

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

1   As a separate and distinct affirmative defense, Plaintiff's Complaint, and each
2   and every claim contained therein, is barred by the applicable statute of limitations,
3   including but not limited to California Code of Civil Procedure sections 335.1 and
4   342.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

7   As a separate and distinct affirmative defense, Plaintiff's Complaint, and each
8   and every claim contained therein, is barred by the equitable doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

11   As a separate and distinct affirmative defense, Plaintiff's Complaint, and each
12   and every claim contained therein, is barred pursuant to the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

15   As a separate and distinct affirmative defense, the Complaint, and each claim
16   contained therein, is barred pursuant to the equitable doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

19   As a separate and distinct affirmative defense, Plaintiff is estopped by his own
20   acts or omissions from recovery against Defendants for the claims asserted in the
21   Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Loss Caused By Other Persons Or Entities)

24   As a separate and distinct affirmative defense, Plaintiff's alleged damages, if
25   any, contained in the Complaint, were caused by persons and/or entities other than the
26   answering Defendants who failed to exercise ordinary care, caution, prudence, and
27   were negligent, or acted wrongfully in their dealings with Plaintiff, and that at all
28   times, said persons or entities were acting without consent, authorization, knowledge,

Glaser Weil

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

2052092

and/or ratification of the answering Defendants. Accordingly, any recovery against Defendants by Plaintiff, if any, must be precluded and/or reduced in a proportionate amount to the fault on the part of such other persons and/or entities.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

As a separate and distinct affirmative defense, to the extent that Plaintiff suffered any detriment, such detriment was caused or contributed to by Plaintiff's negligence and failure to exercise ordinary care on his own behalf or for his own safety, and damages, if any, should be reduced in direct proportion to his fault.

### TWELFTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

As a separate and distinct affirmative defense, Plaintiff's cause of action for negligence is barred or Plaintiff's recovery should be reduced because the contributory negligence and carelessness of Plaintiff was the sole proximate cause in bringing about his alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a separate and distinct affirmative defense, at the time and place referred to in the First Amended Complaint, and before the events described in the First Amended Complaint, Plaintiff knew, appreciated, and understood each and every risk involved in placing himself in the position which he then assumed, and willingly, knowingly, and voluntarily assumed each of these risks, including, but not limited to, the risk of suffering personal bodily injury.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Self-Defense)

As a separate and distinct affirmative defense, in doing the acts complained of by Plaintiff, the individual officer defendants acted in self-defense and used no more force than was reasonably necessary to prevent impending injury to themselves and

Glaser Weil

others.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Duty to Retreat)**

As a separate and distinct affirmative defense, Plaintiff's causes of action for battery and excessive force are barred because a peace officer making an arrest need not retreat in the face of resistance and cannot be deemed the aggressor or lose their right to self-defense by using force.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

As a separate and distinct affirmative defense, the conduct, if any, which is the subject of Plaintiff's Complaint, was absolutely and/or conditionally legally privileged, and/or justified.  The basis for this privilege includes, but is not limited to, the fact that the force used by the officer defendants was necessary to effect an arrest, to prevent an escape, and/or to overcome resistance.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

As a separate and distinct affirmative defense, the individual defendants acted reasonably pursuant to applicable rules, regulations, and practices and in good faith believed their actions to be in accordance with the Constitution and laws of the United States, and defendants are therefore entitled to qualified immunity.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Reasonable Diligence)**

As a separate and distinct affirmative defense, Plaintiff's recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity)**

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

2052092

Glaser Weil

As a separate and distinct affirmative defense, Plaintiff's claims are barred, as Defendants' employees/agents have qualified immunity from the allegations set forth in Plaintiff's Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Immunity)

As a separate and distinct affirmative defense, Plaintiff's claims are barred, as Defendants are immune from Plaintiff's claims as set forth in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Independent, Intervening, and Superseding Cause)

As a separate and distinct affirmative defense, on or about the time, date, and place alleged in Plaintiff's Complaint, the conduct of Plaintiff and/or third persons was of such nature as to constitute an independent, intervening, and superseding cause, which was the sole proximate cause of the injuries and damages allegedly suffered by Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a separate and distinct affirmative defense, Plaintiff's causes of action for battery and excessive force are barred because Plaintiff freely and voluntarily assumed the risk of any detriment that resulted.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Consent)

As a separate and distinct affirmative defense, Plaintiff's causes of action are barred because Plaintiff consented to all acts complained of by engaging in mutual combat

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Emergency)

As a separate and distinct affirmative defense, Plaintiff's causes of action are barred because the injuries alleged were caused by an emergency situation, not

Glaser Weil

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

2052092

created by any fault of defendants and into which the individual officer defendants were suddenly and unexpectedly placed.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (No Liability For Actions Of Non-Policymakers)

As a separate and distinct affirmative defense, Defendants are not liable for alleged violations by non-policymakers of civil or constitutional rights.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Failure To Mitigate Damages)

As a separate and distinct affirmative defense, all causes of action set forth in Plaintiff's Complaint are barred because Plaintiff failed to take reasonable steps to mitigate his damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Quasi-Judicial Immunity)

As a separate and distinct affirmative defense, Defendants are not liable as they have quasi-judicial immunity from the claims set forth in Plaintiff's Complaint.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (No Knowledge Of Violation Of Rights)

As a separate and distinct affirmative defense, Defendants are shielded from liability for civil damages insofar as the conduct in this case did not violate any statutory or constitutional right of which a reasonable person would have known.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel And Res Judicata)

As a separate and distinct affirmative defense, the Complaint, and each claim contained therein, is barred by the doctrines of collateral estoppel and res judicata.

### THIRTIETH AFFIRMATIVE DEFENSE
### (Failure To Join)

As a separate and distinct affirmative defense, Plaintiff's action is barred by the failure of Plaintiff to join, in a timely fashion, indispensable and/or necessary parties

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

2052092

to this action.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Course And Scope Of Employment)

As a separate and distinct affirmative defense, Defendants are not legally responsible for the acts of employees not acting within the course and scope of their employment.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (No Standing)

As a separate and distinct affirmative defense, Plaintiff does not have standing to sue.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Failure To Exhaust Administrative Remedies)

As a separate and distinct affirmative defense, Plaintiff's claims are barred by the failure of Plaintiff to exhaust all administrative remedies including, but not limited to, all remedies pursuant to 42 U.S.C. § 1997.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Punitive Damages Barred by Constitution)

As a separate and distinct affirmative defense, Plaintiff's claim for punitive damages is unconstitutional and invalid in that it violates the United States Constitution, including, but not limited to, the Due Process Clause, and the Fifth, Sixth, and Eighth Amendments.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Reservation Of Additional Defenses)

As a separate and distinct affirmative defense, Defendants state that other defenses may exist as to Plaintiff's Complaint, and that Defendants do not waive, but rather reserve the right to assert these defenses.

WHEREFORE, these answering Defendants pray for judgment as follows:

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

2052092

1.      That Plaintiff takes nothing by reason of his Complaint, and that judgment be entered in favor of Defendants;

2.      That these answering Defendants recover costs of suit incurred herein, including reasonable attorney's fees; and

3.      For such other and further relief as the Court deems proper and just.

DATED:  September 7, 2021        GLASER WEIL FINK HOWARD
                                  AVCHEN & SHAPIRO LLP


By:  /s/ Michael L. Smith
ANDREW BAUM
MICHAEL L. SMITH
    Attorneys for Defendants
    County of Los Angeles, Luis Cano,
    Kevin Walker, Shawn Groves,
    Jackson Hill, Matthew Seno,
    Joshua Parga

**Glaser Weil**

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

2052302

# **DEMAND FOR JURY TRIAL**

As to each and every cause of action by Plaintiff against Defendants, Defendants hereby demand a trial by jury.

DATED:  September 7, 2021

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP


By:  /s/ Michael L. Smith
ANDREW BAUM
MICHAEL L. SMITH
    Attorneys for Defendants
    County of Los Angeles, Luis Cano,
    Kevin Walker, Shawn Groves,
    Jackson Hill, Matthew Seno,
    Joshua Parga

19

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

2052302